**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEREMY VANDIVER, ON**
**BEHALF OF HIMSELF AND**
**THOSE SIMILARLY SITUATED,**

        **Plaintiff,**

**-vs-**          **Case No. 6:14-cv-564-Orl-DAB**

**HUDSON'S FURNITURE**
**SHOWROOM, INC., a Florida**
**Corporation,,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 23)**
>
> **FILED:**      **November 12, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

The instant motion seeks approval of a settlement reached in a Fair Labor Standards Act ("FLSA") case. At issue is whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by

employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the Complaint (Doc. 1), Plaintiff was a builder for Defendant. He alleges that he was not paid overtime as required by law (Count One) and was retaliated against after he complained to the Department of Labor (Count Two). Opt-in Plaintiff James R. Walker filed a Notice of Consent to join the suit. According to the instant motion, Plaintiffs alleged that they worked overtime hours for which they were not compensated, and that during a period of time, they were only paid via a piece rate method with no overtime compensation paid. Defendant categorically denies that Plaintiffs performed any overtime hours that were uncompensated during the time period where they were paid by the hour, and denies that Plaintiffs worked numerous, if any, overtime hours during the time period in which a piece rate method was employed.

Although no Interrogatories were filed detailing the claims of the parties, the motion sets forth that if Plaintiff, Jeremy Vandiver, succeeded in 100% of his claims, including proving he worked

-2-

every hour claimed and a willful violation to receive a three year of statute of limitation damages, he would be owed approximately $12,239.88, plus liquidated damages.  Plaintiff, James Walker, left the company in June 2012, so his entire FLSA claim is only within the third year of statute of limitations damages. If Plaintiff Walker succeeded in 100% of his claim, including proving he worked through all breaks that he claims and a willful violation, he would be owed approximately $1,500.00, plus liquidated damages.  The motion states that the parties have agreed to settle Vandiver's claims for a total of $9,500.00, which will be paid as $4,750.00 for overtime wages and $4,750.00 for liquidated damages.  The parties have agreed to settle Walker's claims for a total of $1,000.00, which will be paid as $500.00 for overtime wages and $500.00 for liquidated damages.  The agreement includes $5,000 in attorney's fees and costs to be paid to Plaintiffs' counsel.  The parties' agreement is memorialized in two settlement agreements attached to the motion.  The agreements include a release and a confidentiality provision. Upon review of the Settlement Agreement, the motion and the papers filed, the Court cannot recommend a finding that the settlement is "fair and reasonable" on this showing.

In order to evaluate the fairness of a compromise, it is necessary to compare it to the claim. Here, Plaintiff Vandiver alleges two counts -- an overtime claim as well as a claim for retaliation, but provides no calculation or explanation of his damages with respect to the retaliation claim.[1] As to the both the overtime claim and the retaliation claim, there is no explanation offered as to why these claims were compromised to such a significant degree.  Without an understanding of the claim, the Court cannot determine if the compromise is reasonable. Although it does not appear that Walker has a retaliation claim, the papers also fail to explain the basis of his compromise.

---

[1] As to this claim, in the Complaint Plaintiff: " demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendant's unlawful conduct, including interest or liquidated damages on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper." (Doc. 1, p. 6).

Moreover, even if the claims were set forth in a fashion sufficient for the Court to evaluate the reasonableness of the compromise, the Settlement Agreement contains numerous provisions, such as a broad Release and a confidentiality provision, that are extraneous to the matters alleged here, or that have been found to be unenforceable in this context. *See, generally, DeGraff v. SMA Behavioral Health Services, Inc.,* 945 F.Supp.2d 1324 (M.D. Fla. 2013) (courts disfavor general release clauses in FLSA actions); *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242 (M.D. Fla.2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."). While the inclusion of general releases or confidentiality provisions are not always fatal to approval of settlement agreements under the FLSA, there is no showing here that these provisions are supported by separate consideration or that the circumstances are otherwise such that settlement on these terms is still fair.

Finally, the parties contend that the settlement should be approved because the Parties agreed upon Plaintiffs attorneys' fees separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement, *citing Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). *Bonetti,* however, is not binding authority on every district judge in the Middle District of Florida. Absent a basis for evaluating the fees and costs, and in view of what appears to be a significant compromise on the damages claimed on the merits, the Court cannot recommend approval on this showing.

It is therefore **respectfully recommended** that the motion be **denied, without prejudice** to renewal, upon a more complete explanation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 19, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy