# EXHIBIT "A"

# JEREMY VANDIVER
# FLSA SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY VANDIVER, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY SITUATED,

            CASE NO. 6:14-cv-564-Orl-36-DAB

    Plaintiff,

vs.

HUDSON'S FURNITURE
SHOWROOM, INC.,
A FLORIDA CORPORATION,

    Defendant.

_____

## FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), executed this 5th day of December 2014, is made and entered into by and between Plaintiff JEREMY VANDIVER ("Plaintiff") and Defendant, HUDSON'S FURNITURE SHOWROOM, INC. (hereinafter referred to as "Hudson's" or "Defendant").

WHEREAS, Plaintiff instituted the above-styled civil action, Case No. 6:14-cv-564-Orl-36-DAB (the "Lawsuit"), against Defendant for unpaid wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and

WHEREAS, the Parties wish to fully and finally resolve this matter and any claims for wages, money owed or retaliation that Plaintiff may have against Defendant, including but not limited to the Lawsuit;

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1

1. This Agreement is not and shall not in any way be construed as an admission by Defendant of any wrongdoing, liability, violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, or any federal, state or local statute or ordinance relating to payment of wages or money owed, or breach of any written or oral agreement.

2. All Parties, through their counsel, will file a joint motion for approval of this Agreement by the Court and for the Court to dismiss this case with prejudice, including all claims and all counterclaims which were or may have been brought.

3. In consideration of this Agreement, and in full and final settlement of any claims that were made or could have been asserted by Plaintiff in the aforementioned lawsuit, Defendant agrees to pay Plaintiff a total of $14,500.00. Within 10 calendar days of Plaintiff's execution and delivery of this agreement to Defendant's counsel and approval of this Agreement by the Court, Defendant will make and deliver payment to Plaintiff's attorney, as follows:

   a. A check payable to Jeremy T. Vandiver in the amount of $4,750.00 representing unpaid wages less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff under his social security number in connection with this payment;

   b. A check payable to Jeremy T. Vandiver in the amount of $4,750.00 representing liquidated and compensatory damages. An IRS Form 1099 will be issued to Plaintiff under his social security number in connection with this payment; and,

   c. A check payable to Morgan & Morgan in the amount of $5,000.00, representing all Plaintiffs' fees and costs in this action. An IRS Form 1099 will be issued to Morgan & Morgan under its tax identification number in connection with this payment.

4. Plaintiff further agrees to defend, indemnify and hold harmless Defendant for any amounts that may be assessed, levied or otherwise charged against Plaintiff by any taxing or

governmental authority on account of the tax treatment of the settlement amount or any part of the settlement amount by Defendant, unless such liability is caused by a wrongful action or inaction of Defendant. Plaintiff acknowledges that he has agreed to the tax treatment of the settlement payments specified in this Agreement. Plaintiff further acknowledges that Defendant makes no warranty or representation concerning the treatment of any sums paid and received under this Agreement under federal, state or local tax or other laws, and Plaintiff has not relied upon any such warranty or representation.

5. In consideration of and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendant, and its heirs, predecessors, successors, assigns, affiliated companies, shareholders, administrators, partners, officers, directors, employees, agents, representatives and attorneys, from any and all claims that were asserted or could have been asserted in the Lawsuit, including those alleged under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for payment of wages or retaliation, whether such claims are known or unknown at the time of execution of this Agreement.

6. Except as otherwise agreed in Paragraph 3 of this Agreement, the parties shall bear their own attorney's fees and costs.

7. The parties agree that should any party default in any material manner with respect to any of the obligations set forth in this Agreement, the sole and exclusive remedy for the non-defaulting party will be an action for specific performance of the parties' obligations thereunder. In the event of any litigation relating to this Agreement, the prevailing party will be entitled to reasonable attorney's fees and costs.

8. This Agreement sets forth the entire Agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to

the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing.

9. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to and have consulted with an attorney before signing it.

10. This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

11. This Agreement shall be interpreted in accordance with the plain meaning of its terms, and not for or against the drafter.

12. All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

13. This Agreement is entered into in the State of Florida, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Florida.

14. In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

15. All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

16. Should any provision of this Agreement be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

17. This Agreement may be enforced by any court having jurisdiction.

IN WITNESS THEREOF, and intending to be legally bound thereby, the undersigned parties have executed the foregoing Settlement Agreement and Release.

_____
JEREMY VANDIVER

Date: 12/2

HUDSON'S FURNITURE SHOWROOM, INC.

_____
By: JOSH HUDSON, President

Date: 12/5/14

5

# JAMES WALKER
# FLSA SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY VANDIVER, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY SITUATED,

CASE NO. 6:14-cv-564-Orl-36-DAB

Plaintiff,

vs.

HUDSON'S FURNITURE
SHOWROOM, INC.,
A FLORIDA CORPORATION,

Defendant.

## FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), executed this 5th day of December 2014, is made and entered into by and between Plaintiff JAMES ROBERT WALKER ("Plaintiff" or "Walker") and Defendant, HUDSON'S FURNITURE SHOWROOM, INC. (hereinafter referred to as "Hudson's" or "Defendant").

WHEREAS, Walker filed a notice of consent in the above-styled civil action, Case No. 6:14-cv-564-Orl-36-DAB (the "Lawsuit"), against Defendant which involved Jeremy Vandiver's claims for unpaid wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and

WHEREAS, the Parties wish to fully and finally resolve this matter and any claims for wages, money owed, and/or retaliation that Walker may have against Defendant, including but not limited to the Lawsuit;

1

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing, liability, violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, or any federal, state or local statute or ordinance relating to the payment of wages or money owed, or breach of any written or oral agreement.

2. All Parties, through their counsel, will file a joint motion for approval of this Agreement by the Court and for the Court to dismiss this case with prejudice, including all claims and all counterclaims which were or may have been brought.

3. In consideration of this Agreement, and in full and final settlement of any claims that were made or could have been asserted by Plaintiff in the aforementioned lawsuit, Defendant agrees to pay Plaintiff a total of $1,000.00. Within 10 calendar days of Plaintiff's execution and delivery of this Agreement to Defendant's counsel and approval of this Agreement by the Court, Defendant will make and deliver payment to Plaintiff's attorney, as follows:

    a. A check payable to James Robert Walker in the amount of $500.00 representing unpaid wages less applicable taxes and withholdings. An IRS Form W-2 will be issued to Walker under his social security number in connection with this payment; and,

    b. A check payable to James Robert Walker in the amount of $500.00 representing liquidated and compensatory damages. An IRS Form 1099 will be issued to Walker under his social security number in connection with this payment.

4. Plaintiff further agrees to defend, indemnify and hold harmless Defendant for any amounts that may be assessed, levied or otherwise charged against Plaintiff by any taxing or governmental authority on account of the tax treatment of the settlement amount or any part of

the settlement amount by Defendant, unless such liability is caused by a wrongful action or inaction of Defendant. Plaintiff acknowledges that he has agreed to the tax treatment of the settlement payments specified in this Agreement. Plaintiff further acknowledges that Defendant makes no warranty or representation concerning the treatment of any sums paid and received under this Agreement under federal, state or local tax or other laws, and Plaintiff has not relied upon any such warranty or representation.

5. In consideration of and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendant, and its heirs, predecessors, successors, assigns, affiliated companies, shareholders, administrators, partners, officers, directors, employees, agents, representatives and attorneys, from any and all claims that were asserted or could have been asserted in the Lawsuit, including under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, regarding the payment of wages or retaliation, whether such claims are known or unknown at the time of execution of this Agreement.

6. The parties shall bear their own attorney's fees and costs.

7. The parties agree that should either party default in any material manner with respect to any of the obligations set forth in this Agreement, the sole and exclusive remedy for the non-defaulting party will be an action for specific performance of the parties' obligations thereunder. In the event of any litigation relating to this Agreement, the prevailing party will be entitled to reasonable attorney's fees and costs.

8. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing.

9. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to and have consulted with an attorney before signing it.

10. This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

11. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

12. All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid parts, terms or provisions shall be deemed not a part of this Agreement.

13. This Agreement is entered into in the State of Florida, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Florida.

14. In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

15. All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

16. This Agreement may be enforced by any court having jurisdiction.

IN WITNESS THEREOF, and intending to be legally bound thereby, the undersigned parties have executed the foregoing FLSA Settlement Agreement and Release.

_____
**JAMES ROBERT WALKER**
Plaintiff

Date: Dec. 3 2014

**HUDSON'S FURNITURE SHOWROOM, INC.**

_____
By: JOSH HUDSON, President

Date: 12/5/14

5