# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEREMY VANDIVER, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY SITUATED,**

      **Plaintiff,**

**-vs-**                  **Case No. 6:14-cv-564-Orl-DAB**

**HUDSON'S FURNITURE
SHOWROOM, INC., a Florida
Corporation,**

      **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 27)**
>
> **FILED:**    December 9, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   In this renewed motion, the parties seek approval of a settlement reached in a Fair Labor Standards Act ("FLSA") case. At issue is whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA

violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the Complaint (Doc. 1), Plaintiff was a builder for Defendant. He alleges that he was not paid overtime as required by law (Count One) and was retaliated against after he complained to the Department of Labor (Count Two). Opt-in Plaintiff James R. Walker filed a Notice of Consent to join the suit. According to the instant motion, Plaintiffs alleged that they worked overtime hours for which they were not compensated, and that during a period of time, they were only paid via a piece rate method with no overtime compensation paid. Defendant categorically denies that Plaintiffs performed any overtime hours that were uncompensated during the time period where they were paid by the hour, and denies that Plaintiffs worked numerous, if any, overtime hours during the time period in which a piece rate method was employed.

Although no Interrogatory Answers were filed detailing the claims of the parties, the motion sets forth that if Plaintiff, Jeremy Vandiver, succeeded in 100% of his claims, including proving he

worked every hour claimed and a willful violation to receive a three year of statute of limitation damages, he would be owed approximately $12,239.88, plus liquidated damages. This figure is comprised of $4,660.38 in overtime compensation (assuming Plaintiff Vandiver can prove every hour he alleged to have worked, which includes periods of time in which he alleges more than 70 hours per week were worked), and $7,579.50 in retaliation damages for six weeks of being out of work and for 26 weeks of being paid less than what he previously earned as back wages. Plaintiff, James Walker, left the company in June 2012, so his entire FLSA claim is only within the third year of statute of limitations damages. If Plaintiff Walker succeeded in 100% of his claim, including proving he worked through all breaks that he claims and a willful violation, he would be owed approximately $1,500.00, plus liquidated damages.

The motion states that the parties have agreed to settle Vandiver's claims for a total of $9,500.00, which will be paid as $4,750.00 for overtime wages and $4,750.00 for liquidated damages. The parties have agreed to settle Walker's claims for a total of $1,000.00, which will be paid as $500.00 for overtime wages and $500.00 for liquidated damages. The agreement includes $5,000 in attorney's fees and costs to be paid to Plaintiffs' counsel. The parties' agreement is memorialized in two settlement agreements attached to the motion.

The Court previously declined to find the settlement agreements to be reasonable as the prior motion did not explain the basis for the compromise (especially as to the retaliation claim), the settlement agreements contained provisions extraneous to the matters at issue and unenforceable in this context, and there was a lack of predicate to support the claimed attorney's fees (Docs. 24, 26). The instant motion has provided the missing rationale for the compromise,[1] the objectionable provisions have been removed from the settlement agreements, and a basis for the attorney's fees

---

[1] Among other things, the motion explains that information provided at mediation made the retaliation claim all but untenable.

award has been adequately articulated.[2]  Upon review, the Court finds the modified settlement agreements to be well within the parameters of reasonableness.

It is therefore **respectfully recommended** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  The motion should be granted, and the action should be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 22, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] As the attorney's fee award includes the cost of mediation, filing fee and service of process, the remaining fee is reasonable on its face.